**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| NAVIENT SOLUTIONS, LLC, *et al.*, | |
| Plaintiff, | No. 18-1679C |
| v. | Judge Thomas C. Wheeler |
| UNITED STATES | |
| Defendant. | |

## PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD AND AWARD OF LEGAL FEES ASSOCIATED WITH THIS FILING

Plaintiff Continental Service Group, Inc.'s ("ConServe") Motion for Judgment on the Administrative Record ("MJAR") is due in just over seven days on December 21, 2018, and yet ED, despite admitting the relevance of the requested documents identified herein and previously agreeing to produce them, suddenly and without explanation, has reversed course and informed ConServe they will not be produced. Despite ConServe's efforts to understand ED's position, no response has been furnished. ConServe, accordingly, turns to this Court and seeks an expedited ruling. Pursuant to Rule 7(b) of the United States Court of Federal Claims, ConServe submits this Motion to Supplement the Administrative Record and Award of Fees and Costs Associated with This Filing ("Motion") respectfully requesting that the Court order the U.S. Department of Education ("ED") to satisfy its obligations under Rule 52.1 and Appendix C of the Rules of the United States Court of Federal Claims and produce a complete Administrative Record relevant to the protest grounds raised by ConServe and to award ConServe its legal fees associated with making this filing.

In particular, ConServe requests that the Court direct ED to produce (1) all communications and documents related to the timing of ED's decision to procure default recovery services under the Next Generation Financial Services Environment Procurement ("NextGen Procurement"), and (2) all communications and documents related to the type of services that ED planned to acquire using Components E and F of the NextGen Procurement. ConServe believes that such documents will illustrate that ED only decided to procure default recovery services *after* issuing the NextGen Phase I Solicitation, which ***directly contradicts*** ED's representations to GAO, this Court, and its current litigation position.

On December 7, 2018, ED, through its DOJ counsel, ***acknowledged*** that these two categories of documents are relevant to ConServe's protest grounds and represented that such documents would be produced. Days later, without explanation, ED, through its DOJ counsel, reversed course and indicated that these documents would not be produced. ConServe requires these documents to prepare its MJAR and requests that they be produced on an expedited basis by Monday, December 17, 2018, unless ED announces ***firm and unequivocal*** corrective actions to address ConServe's protest on Friday, December 14, 2018. Anything other than an announcement of firm corrective actions specifically addressing ConServe's protest warrants the production of these documents.

## I. INTRODUCTION

It is ConServe's contention that ED officials only decided to procure default recovery services under NextGen *after* issuing the Phase I Solicitation in circumvention of CICA. *See* Complaint. As a consequence, ConServe was not aware of ED's intentions because they were not expressed in the terms of the Phase I Solicitation, and, as a result, ConServe did not submit a proposal in response. ConServe believes that this fact will be further illustrated by the

production of ED's internal communications and documents on the subject, including *e-mail correspondence, memoranda, and meeting minutes/notes*.

While ED on the one hand disputes ConServe's position and claims that the Phase I Solicitation solicited default recovery services, ED has declined to "*put its money where its mouth is*" and produce ED's internal communications on the subject of when ED officials decided to procure default recovery services using NextGen – documents that will confirm ConServe's position that ED only decided to shoehorn in default recovery services under NextGen after the NextGen Phase I Solicitation was issued.  ED wishes to conceal these documents because it *knows that such documents contradict its current litigation position*, and such communications will naturally embarrass ED officials.

The documents ED does not want to produce are highly relevant in showing the evolution of ED's intentions and decision-making, and, critically, the precise timing of when ED changed course and departed from its prior well-documented position that the NextGen Procurement would not encompass default recovery services.  ED should not be allowed to continue to make decisions shielded from scrutiny, and we submit that the production of a complete Administrative Record, including these documents and communications, will demonstrate that ED decided to procure default recovery services through the NextGen Procurement after the NextGen Phase I Solicitation was issued.  Accordingly, we respectfully request that this Court order ED to produce the disputed documents.

## II.     FACTS RELEVANT TO THIS MOTION

Throughout this protest, ConServe has endeavored to confer with counsel for ED and to resolve potential issues without Court involvement.  This is evidenced by the fact that, prior to filing ConServe's Complaint, ConServe and ED, through counsel, reached an agreement on a briefing schedule and a voluntary stay of awards on components E&F, which obviated the need

for ConServe to file a Motion for a Preliminary Injunction and for the Court to hold a hearing on such.

Additionally, prior to raising this record supplementation matter with the Court, on several occasions, including on December 3rd, December 4th, December 5th, December 6th, and December 7th, ConServe notified ED, through counsel, of its request that ED produce the aforementioned documents on or before December 7th. *See* Exhibit 1, Email Exchanges from Dec. 3 to December 11, 2018. For example, on December 3, 2018, undersigned counsel first wrote ED's counsel inquiring about the contents of the administrative record:

> Hi Jana,
>
> In the interests of continuing to proactively raise and address issues with you, we wanted to raise with you the contents of the Administrative Record to be produced Friday. While we understand that ED already has produced documents in response to the Navient protest, we do not believe these categories are included and wanted to bring it to your attention:
>
> 1. All communications and documents related to ED's decision to use the NextGen Procurement to acquire debt collection services for defaulted student loans ("default recovery services"), including, but not limited to, documents and communications related to (a) ED's May 3, 2018 memorandum submitted to the U.S. Court of Federal Claims, and (b) ED's April 18, 2018 Internal Memorandum discussing the agency's "enhanced services" approach to default recovery services (such memoranda is discussed in our Complaint);
>
> 2. All communications and documents related to the type of services that ED planned to acquire using Components E and F of the NextGen Procurement; and
>
> 3. All communications and documents related to ED's response to ConServe's counsel dated October 5, 2018 (discussed in our Complaint).

*Id*.

Two days later, on December 5, 2018, undersigned counsel followed-up with ED's

counsel:

> Hi Jana,
>
> We have prepared a Motion to Supplement the AR and intend to file in the near term, but wanted to share our current position with you and afford you a chance to resolve this without court involvement. We are interested in the following categories of documents:
>
> 1. All communications and documents related to the timing of ED's decision to use the NextGen Procurement to acquire debt collection services for defaulted student loans ("default recovery services"), including but not limited to, ED's response to ConServe's counsel dated October 5, 2018, wherein ED first noticed its position to acquire default recovery services under NextGen; and
>
> 2. All communications and documents related to the type of services that ED planned to acquire using Components E and F of the NextGen Procurement.
>
> We hope that ED will agree to produce these categories of documents so we do not have to raise this with the Court.

*Id.*

On December 7, 2018, following several other e-mail communications, ED's counsel responded and stated:

> Good morning, Todd.
>
> ***ED has confirmed that it will produce documents that fall within the categories identified in your Dec. 5 email***, specifically:
>
> 1. All communications and documents related to the timing of ED's decision to use the NextGen Procurement to acquire debt collection services for defaulted student loans ("default recovery services"), including but not limited to, ED's response to ConServe's counsel dated October 5, 2018, wherein ED first noticed its position to acquire default recovery services under NextGen; and
>
> 2. All communications and documents related to the type of services that ED planned to acquire using Components E and F of the NextGen Procurement.

5

*Id.* (emphasis added).  In separate correspondence later that day, ED's counsel informed ConServe that the "Government is planning to seek an extension of 10 days, until December 17, to file the administrative record while ED is considering whether to take corrective action," and explained that ED "*would also like additional time to ensure that we have included all of the additional documents that the parties have recently requested*."  *Id.* (emphasis added).

ConServe immediately responded to ED's counsel and explained that it would grant ED a four-day, rather than 10-day, extension to produce the relevant documents:

> Jana,
>
> We appreciate ED's willingness to produce these documents, but we cannot agree to a 10 day extension as such will adversely affect the current briefing schedule, which we do not wish to extend.  We requested these documents over two months ago when we filed at GAO, so we would be surprised if they are not accessible to ED.  In the interests of cooperation, we would accommodate an extension until this Tuesday 5 pm EST to produce the entire record.

*Id.*

On December 11, 2018, four days after the Administrative Record was due, ED's counsel informed ConServe – without any further explanation – that "[a]t this time, the Government does not intend to correct the administrative record."  *Id.*  ConServe immediately responded and asked ED's counsel to explain why the agency no longer planned to supplement the Administrative Record with the aforementioned relevant documents:

> Jana,
>
> Last week, you indicated that ED agreed to produce those two additional categories of documents that ConServe specifically requested.  We afforded you until today to make that supplemental production.  Today, without any explanation, you have informed us that ED has changed its position and will not produce such documents.  Given ED already has acknowledged the relevance of these categories of documents by agreeing to produce them, what is the reason for ED now refusing to do so?  We intend to proceed

with bringing this matter to Judge Wheeler.

*Id.* ED has not responded to ConServe's request for clarification.

### III. QUESTION PRESENTED

Whether the Government must include the following documents in the Administrative Record to ensure that the record is complete and to enable effective review of Plaintiffs' claims:

1. All communications and documents related to the timing of ED's decision to use the NextGen Procurement to acquire debt collection services for defaulted student loans ("default recovery services"), including but not limited to, ED's response to ConServe's counsel dated October 5, 2018, wherein ED first noticed its position to acquire default recovery services under NextGen; and

2. All communications and documents related to the type of services that ED planned to acquire using Components E and F of the NextGen Procurement.

### IV. STANDARD OF REVIEW

The Rules of the U.S. Court of Federal Claims ("RCFC"), at Rule 52.1 and Appendix C, require the Government to produce a complete Administrative Record that includes all documents relied upon by the Government in making its procurement decision and documentation relating to the Government's decision-making process. The Federal Circuit has held supplementation of the administrative record in bid protest actions is appropriate where "the omission of extra-record evidence precludes effective judicial review." *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1380 (Fed. Cir. 2009) (quoting *Murakami v. United States*, 46 Fed. Cl. 731, 735 (2000), *aff'd*, 398 F.3d 1342 (Fed. Cir. 2005)). "When the Court makes a judgment based upon the administrative record it must assure itself that the record encompasses the totality of the circumstances surrounding the procurement." *L-3 Commc'ns. Integrated Sys. v. United States*, 98 Fed. Cl. 45, 52 (2011) (citing *Bannum Inc. v. United States*, 89 Fed. Cl. 184, 189 (2009) ("The Court cannot make a reasoned decision without understanding all of the circumstances implicated in the case")); *see Tauri Grp. LLC v. United States*, 99 Fed. Cl. 475,

481-82 (2011) (finding proper supplementation of the record to include evaluation findings and reports as well as communications among evaluators).

## V.     ARGUMENT

As ED already has acknowledged, the documents in question are directly relevant to ConServe's protest, which asserts that default recovery services are beyond the scope of the Phase I Solicitation. As the Complaint explains:

> Our belief [that default recovery services are beyond the scope of the Phase I Solicitation] comes from a recent revelation by ED of October 5, 2018, where ***ED disingenuously attempts to rewrite history*** and to claim that such default recovery services are within the Phase I Solicitation for NextGen as services required within the "lifecycle" of a student loan. ED's efforts to shoehorn in and bundle default recovery services into the NextGen Procurement ***after the Phase I Solicitation was written, released, and proposals due*** evidences ED's complete disregard for the principles underlying our procurement system, and reflects ED's desperate attempt to evade the bid protest accountability process and to sideline the successful PCA protesters in circumvention of the Competition In Contracting Act ("CICA").

Complaint at 3.

ConServe's protest explicitly requests that the Court evaluate the evolution of ED's decision-making and the timeline of events surrounding ED's decision to procure default recovery services through NextGen:

> ConServe files this protest to hold ED accountable for its actions and requests that the Court *evaluate the facts and timeline of events before it*, including ED's written and oral statements to the PCAs throughout the pendency of the Default Collection Procurement, the terms of the Phase I and Phase II Solicitations for NextGen, and ED's recent response to ConServe's counsel dated October 5, 2018, claiming that "default servicing" is within the scope of the NextGen Phase I Solicitation, and to enjoin ED from proceeding with the procurement of default recovery services under NextGen unless and until ED amends the NextGen Solicitation and affords interested parties an opportunity to submit proposals.

Complaint at 4-5 (emphasis added).  The timeline of events reinforces ConServe's position that the NextGen Phase I Solicitation did not procure default recovery services and it is disingenuous for the Government to claim otherwise.  Indeed, the documents requested will show that ED decided to procure default recovery services through NextGen *after* the Phase I Solicitation was issued thereby exposing ED's October 5, 2018, position for what it is – a creative attempt to rewrite the Phase I Solicitation to shoehorn in default recovery services.

## VI. PRAYER FOR RELIEF

For the foregoing reasons, ConServe respectfully requests that the Court order the Government to produce the aforementioned communications and documents set forth above by Monday, December 17, 2018 so as to not impact the current briefing schedule.  Additionally, ConServe requests that the Court award it its legal fees associated with this filing.

Dated: December 12, 2018　　　　　　　　　Respectfully submitted,

Of Counsel:

Richard B. Oliver
J. Matthew Carter
Aaron S. Ralph
Kevin R. Massoudi
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
(213) 488-7100
(213) 629-1033 (fax)
richard.oliver@pillsburylaw.com
matt.carter@pillsburylaw.com
aaron.ralph@pillsburylaw.com
kevin.massoudi@pillsburylaw.com

Alexander B. Ginsberg
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard

/s/ Todd J. Canni
Todd J. Canni
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
(213) 488-7213
(213) 629-1033 (fax)
todd.canni@pillsburylaw.com

*Attorney of Record for Continental Service Group, Inc.*

9

McLean, VA 22102-4859  
(703) 770-7521  
(703) 770-7901 (fax)  
alexander.ginsberg@pillsburylaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 12, 2018, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record in this matter who are registered with the Court's CM/ECF system.

/s/ Todd J. Canni
Todd J. Canni
